DUCKER, JUDGE:
Claimant, Trebag Enterprises, Inc., owner of the minerals in a tract of land situate on the waters of Murphy’s Creek in Lewis County, West Virginia, leased the property for coal mining purposes in 1964, to M & J Coal Company, and that company, as lessee constructed a ramp and loading bin or tipple, installed a fan and built a road, and by the deep mine method mined and removed coal therefrom, and when the market for that particular kind of coal decreased, the lessee company discontinued its mining operations and abandoned the property.
During 1970, claimant discovered that the ramp, tipple and fan had been destroyed or covered up and the mine opening filled in by the respondent in the latter’s reclamation work. The respondent was requested by the owner of the surface to “go in and fix the eyesore up along the road,” meaning, of course, to eliminate the tipple and *86 appurtenances, and the respondent obtained a letter from the surface owner granting to the respondent the necessary easement for that purpose. Although the claimant was the owner, by virtue of a duly recorded deed, of the coal under said property, the respondent made no investigation of the title to the coal, but assumed that the surface owner was the owner of all of the estates in said land and proceeded to destroy the improvements of the owner of the coal, for which damages in the sum of $4,500.00 are herein sought by the claimant.
The facts are not in dispute and in our opinion the respondent is liable to the claimant for a proper amount of damages. As to what is the proper amount, the evidence is not too satisfactory. The claimant relies principally on evidence in the form of estimated costs or specific items of materials and labor on the basis of reproduction new as to the tipple and other items. No deduction is made for depreciation. Nor is there any cost estimate made by any construction engineer. The claimant’s witness, Harold Gregoire, testified that he had been employed by several contracting and mining companies and had acquired knowledge as to values of coal mining properties and personally knew the property involved in this case and that to rebuild the tipple would cost about $5,000.00. As the tipple and appurtenances were completely destroyed and consequently the question of depreciation can hardly be determined, we are of the opinion, that because of such insufficient and unsatisfactory proof we can only make an arbitrary finding on this question, which we now do in the form of $2,000.00 for the tipple and $1,000.00 to cover the cost of reopening the mine.
The claimant has injected into its claim damages for the loss of the profits which it could have had from coal mined from the premises, but the evidence on this part is entirely speculative and not admissible.
For the reasons herein stated, we are of the opinion that the claimant has been damaged by the unjustified acts of the respondent, and we hereby award the claimant as claimant’s total damages, the sum of $3,000.00.
Award of $3,000.00.